Alright, we are going to go on, please, to Case 21-2660 and it's USA v. Jalen Howard and Ms. Shell. Hello. Hi, good morning, Your Honor. Good morning, and may it please the Court. My name is Rachel Schaub and I'm arguing on behalf of Appellant Mr. Jalen Howard. This morning I'd like to first focus on the structural error that arose when the Court improperly considered the prosecutor's race in its Batson analysis. Your Honors, the parties here agree on a couple of important points. We agree that courts cannot assume that a prosecutor would not discriminate against a juror on account of their shared race. We agree that the District Court invoked, on the record, the shared race of the prosecutor and the jurors that he struck, and this is where our agreement ends. The government would have you believe that this was a, quote, passing reference, end quote. It was not. I thought it was more just an alert to this Court about facts that were evident to everybody in the courtroom. Your Honor, it's our position that this Court was clear in United States v. Rutledge, in United States v. Rutledge, the prosecutor made a reference to their own race in an effort to justify the, justify the strike that they had made under Batson. In this case, the District Court itself, who is the adjudicator, made a similar reference, so it's our position. There's a reference, and Rutledge spoke in terms of not using presumptions, assumptions, conclusive presumptions. Let me ask, let's suppose you've got an employment case, employment discrimination case. A plaintiff is claiming sex discrimination. The decision-maker is a woman, the plaintiff is a woman. The accusation of that discrimination is a pretty toxic one, right? Would the decision-maker be permitted to defend her decision in part by saying, look, I've been in the workforce as a woman for 30 years. I've suffered discrimination. It's important to me to treat women fairly, and I would never have done such a thing intentionally. Could she testify to that? Your Honor, the problem here is when the judge assumes that that similarity means that discrimination... That's not my question, and I don't see that assumption expressed by Judge Pratt in this case. But could you, what do you think of the hypothetical? It's a toxic charge, personally, to the person who's alleged to be discriminating. Correct, Your Honor, and I do think that a judge is permitted to make such a reference. Here, the reference was not about the judge's own race, it was about the race of the prosecutor. Well, the prosecutor, okay. Okay, you don't like my hypothetical, huh? I do take it pretty seriously, though, because this kind of a charge against a prosecutor is toxic. Correct, Your Honor. Maybe justified, maybe not. But in Rutledge, we had a prosecutor defending herself on that basis. That didn't go far, it wasn't a big deal, didn't make a difference in that case. But how, well, what's the best evidence that this was taken into account by the judge? The best evidence is the fact that the judge stated it on the record. Judges choose their words very carefully, in our opinion. And that, coupled with the absence of credibility findings as to the prosecutor, the absence of demeanor findings as to the juror, and the clear error of the Batson Step 3 analysis itself, we believe is sufficient in this case. Well, on page 35 to 36 of the transcript, the court said it was rejecting the Batson challenge because it accepted the government's rationale that it struck all of the jurors who alleged that they didn't use the Internet as a proxy for truthfulness. Is it your argument to doubt the credibility of the district court judge's statement about why she was rejecting the Batson challenge? Well, Your Honor, first we would say that if this is not a clear case of an impermissible statement under Rutledge, it's unclear to us what would be such a clear case, given the position of the judge as adjudicator in making that statement. But to the point of the reasoning that the court gives for denying Mr. Howard's Batson challenge, that reason was that the justification applied to two of the three black jurors and one white juror in the jury pool. All of those jurors were struck. So just because the government invokes the same reason for striking a white juror, that's not enough to make a strike permissible. The government argued in this case that this is permissible, and they argue that courts regularly look to similarly situated stricken white jurors, but they have not cited a single case in which a court does this, in which a court uses this. I don't believe you cited any that found that this is an improper rationale, right? That it's improper to use the equivalent treatment as an argument in favor of the credibility of the race-neutral reason. Your Honor, that enlarges the comparative analysis evident in Batson. You're right that there's no case on point specifically saying this is impermissible, but we believe that allowing this kind of comparative analysis, allowing a stricken black juror to be compared to a similarly situated stricken non-black juror, allows, for example, if there were five black jurors struck by the prosecution and one white juror also struck, the reason given for all of those strikes is all of those jurors are from the south side of Chicago, and the prosecutor doesn't trust jurors from the south side. That's an improper outcome under Batson because now six jurors have been struck. That's more. That goes against the goal of Batson, which is to remove the impermissible consideration of race from the jury selection process. Here, we're removing more jurors. That's counter to what Batson is aimed at, which is ensuring that more people are able to exercise their rights. I don't understand how that's a one-way ratchet. You're certainly entitled to make the argument if the prosecutor had failed to strike that white grandfather, right? Correct. That's a strong argument in your favor, right? Correct. But the prosecution is not allowed to make the counterpoint when they don't do that, when they're consistent in applying the rationale? Your Honor, it's our view that this enlarges what the prosecution is able to do. They're able to then strike one white juror for every five black jurors, give the same justification. Now, less people are serving on the jury. I can imagine a district judge in your more extreme hypothetical saying, oh, come on, I don't believe that. And as a district judge, I made precisely such a finding where there was a very deliberate attempt to set up a one-for-one comparison on a supposed non-racial basis, but it was absolutely transparent what was going on, and I rejected the Batson challenge. But that's a finding of fact, not a rule of law that prohibits consideration of the equivalent treatment of black and non-black jurors. Your Honor, it's our position that Batson is aimed at protecting the rights of black jurors and other jurors who are protected by the Equal Protection Clause to serve on a jury. So wielding the framework of Batson as a shield instead of a sword seems counter to the goals of Batson, which are to ensure that more black people are able to serve on the jury. But also to respect the party's rights to exercise peremptory challenges, right? Correct, when they're not used in a pretextual manner. Exactly. So let's go back. We talk about pretext in employment cases as well, right? Correct. And is an employer permitted to say, for example, this black employee and white employee engaged in exactly the same misconduct and I imposed exactly the same discipline on both of them so I wasn't discriminating? And my reason was legitimate and not pretextual. Is that a permissible argument in employment cases? Your Honor, I don't have very much experience with employment cases, but I'll accept, yes. The answer is yes. It's in fact powerful evidence. You might even get summary judgment on that, okay? And I don't see how this is different. Your Honor, it's our position that coupled with the absence of necessary findings, with the statement about the prosecutor's race made by the district court, and with the totality of the circumstances at Step 3 of Batson, this is a much clearer case and it's much more complicated than just the one comparative analysis. So you're not arguing then for a flat rule against such comparisons? I thought you were in your briefs. It's our position that the government here is asking for Batson to be enlarged to allow such comparative analysis. That's not – that in our position is a new law itself. We are simply asking the court to rely on its precedence. The cases which we have cited and which the government has cited, and frankly the cases we've found in this circuit and other jurisdictions and at the Supreme Court do not use comparative analysis in the way that the government has in its brief. So it's our position that that is the creation of new law and that is the rule, and we would ask the court not to expand it. So you'd like the flat rule? Correct. Not allowed to make that comparison? Correct. Okay. Okay. All right. Thank you. Thank you. Mr. Wright. May it please the court. Brian Wright for the United States. I want to address both the reference and the consistency. On the comparative analysis, Mr. Howard has claimed that we've cited no case where this court has applied comparative analysis in that way. That is incorrect. In fact, in United States v. Brasher on pages 267 and 268, this court noted that the government had struck a white and a black juror for the same reason, and this court relied on that to find that there is no clear error, and when the district court found there's no bats in violation. In doing so, Brasher cited- I am concerned that the government's strategy in this case can be manipulated by those wishing to make race-based strikes. If the government asks enough questions, it can bear every- it could pair every race-based stricken juror with a white juror who gave the same answer, and in this way go about ridding the jury of minorities. What really would stop a non-scrupulous government lawyer from using this strategy? The district court, Judge, Your Honor, we understand that that's a fair concern that an unscrupulous prosecutor or attorney in general could use this analysis to try to manipulate, but the district court judge is in the best position to analyze whether it was a manipulation or not, and here the district court judge found that there was no such manipulation, and that's not a clear error. With that, I want to go back to my first point, too, because Brasher actually cited two other cases, White and Hendricks, from 2009-2007 from this court, so at least for 15 years this court has found that the government can point to its consistency of strikes, and this court has relied on that for at least 15 years to hold that- as support that a peremptory strike was not based on racial discrimination. And beyond that, we would also say just the general principle from the Supreme Court and this court that judges can look to the totality of the circumstances, and one of those circumstances is consistency of the strike, so even if we didn't have specific cases, which we do have specific cases, but even if we didn't, those general propositions would support the use of comparative analysis as it occurred here. If the court has no further questions on that, I want to switch to the reference. We view it, as Judge Hamilton does, that this was a reference because there is facts apparent to everyone in the courtroom below that weren't apparent to the judges here. We don't think it was more than a passing reference. For that proposition, we would rely on both the record and the standard of review. Judge Pratt mentions that at the very opening, but in her lengthy concluding remarks, which Judge Roger pointed to on page 35 and 36, she doesn't go back to that. Moreover, the standard of review says, to reverse, this court has to have a firm and definite conviction that an error has been made, so speculating that one passing reference pages back in the transcript somehow affected the analysis at the end is not definitive. That is speculation, but the record is clear. We know why the district court judge denied the Batson claim here, and that's because the prosecutor was consistent. That consistency, under this court's precedence, Brasher, White, Hendricks, is a permissible factor for the district court to rely on. If the court has no further questions, we would— Thank you. Yes, ma'am. You're not going home so soon. Okay. Just out of curiosity, do you have data on the percent of the population that is Black in the area from where the jury poll is drawn? I mean, isn't it unusual, you know, with Indianapolis to have a jury panel that's only 7.6% Black? Right. So this was Indianapolis Division, so I think the short answer is no, it's not. Yeah, the surrounding counties to Marion County are not very demographically diverse, so it's not like a state charge in Marion County where you're only pulling from Indianapolis, essentially, when you're pulling from the donut counties and even counties further than that. The Indianapolis Division is pretty geographically large. So, I mean, Judge Hamilton knows it even better than I do, but it's not that unusual. Okay. Well, we just wanted to keep you. Of course, I could have asked. All right.  Okay. Thank you very much. You're welcome. We would ask the court. Let's have Michelle come back. Thank you, Your Honors. I have a few quick points, but if there are any questions, please feel free to stop at any point. Regarding the hypothetical given earlier and also regarding our conversation about comparative analysis, a prosecutor cannot rely on shared race or gender to defend a decision. The Rutledge Court made that clear, even if that might happen in a civil case. Here, our position is that comparative analysis is not enough. The reason itself was not credible, and the government's case shows that. As to the court's reference to the prosecutor's race, given the conversation about the apparent fact earlier, it's unclear to us why that apparent fact would be relevant in this case and why the court would need to know this. So, the only inference to be drawn from the district court's reference to the prosecutor's race was that the district court was considering it. Our reading of Rutledge shows that that is not permissible. Anything else? Do you want to add anything else? No? That's our argument on those points, but for those reasons and all the reasons articulated in our briefs, we would ask the court to reverse. Thank you. Thank you. Wait, wait, wait. You can't run away either, Michelle, because you were appointed by the court. Were you not? We were, Your Honor. Yeah. And we want to thank you very much for your fine service on behalf of your client and let you know how appreciative we are to you and your law firm. Thank you very, very much. And, of course, as always, we're appreciative for the government attorney and that we actually have a government attorney. Okay. All right. Thank you.